IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LOWELL EDWARD JACKSON,

        Petitioner,

    v.

JEAN HILL,

        Respondent.

CV. 08-895-KI

OPINION AND ORDER

Thomas J. Hester
Assistant Federal Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

    Attorney for Petitioner

John R. Kroger
Attorney General
Lester R. Huntsinger
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

    Attorneys for Respondent

KING, Judge

1 -- OPINION AND ORDER

Petitioner brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, the petition is denied, and this proceeding is dismissed, with prejudice.

## BACKGROUND

On October 17, 2001, police were summoned by the front-desk clerk of the Wyngate Inn in Hillsboro, Oregon, due to her suspicion that an under-aged girl (JB) was involved in prostitution with a registered guest of the hotel (Craig Keating).  TR at 30-31, 118-19 & 123.

When police arrived at the hotel, they saw petitioner sitting in his car in the hotel parking lot.  Id. at 24.  Petitioner exited his vehicle and walked toward the hotel.  Id.  Upon questioning, petitioner stated that he was waiting for a friend named Stacey who was visiting someone in room 220.  Id. at 26.  He provided identification indicating that he was 31 years of age.  Id. at 25.

The police found JB in room 220 with Keating.  Id. at 87.  JB told police that her name was Stacey Sherwood, and that she was eighteen years of age.  Id. at 40 & 87-88.  JB was arrested for prostitution.  Id. at 90.  Initially, JB denied that there was any sexual contact between she and Keating.  She told police that she was an exotic dancer and had been hired by Keating to dance for one hour at the cost of $150.00.  Id. at 35-36 & 89.  Later, JB advised the police of her true name, that she was fifteen years of age, and

2 -- OPINION AND ORDER

admitted that she had sexual contact with Keating. Id. at 36, 44 & 92.

Petitioner subsequently was indicted on charges of compelling and promoting prostitution. Petitioner waived his right to a jury trial and, on June 11, 2002, a court trial was held. The prosecution introduced the testimony of the following individuals: JB, JB's mother, the front desk clerk, Craig Keating, and several Hillsboro police officers.

Hillsboro Detective Patrick Lamonica testified concerning his interrogation of JB. The detective testified that JB denied that petitioner was her pimp. TR at 36. Lamonica testified that JB stated that petitioner was her friend, that he went by the name of "Tony", that he was at the hotel to make sure that she got paid and didn't get physically hurt, but that petitioner was not going to receive any money. Id. at 36-38 & 54. Lamonica testified that JB tearfully acknowledged that Keating had contacted her through petitioner. Id. at 42.[1] Detective Lamonica testified that when asked whether petitioner knew what she was doing at the hotel, JB stated "Yes. Well, I really don't know." Id. at 43.

JB's mother, Donna Erickson, testified about her daughter's involvement in prostitution and her relationship with petitioner.

---

[1] Craig Keating, however, testified that he called "Exotic Massage" and spoke to a woman. TR at 103-06. JB testified that Keating contacted her on her cell phone after talking to a woman at Exotic Massage. Id. at 63-64.

3 -- OPINION AND ORDER

Erickson testified that JB considered petitioner her "best friend", that she met petitioner in approximately June, 2001, and that they traveled to California together in July 2001, at which time JB's mother reported her as a runaway. Id. at 79-85. Petitioner often picked up JB from her mother's house. Id. at 85. Ms. Erickson had no doubt that her daughter was prostituting herself. Id. at 83.

When JB took the stand, she smiled at petitioner, whom she identified as "Tony". Id. at 56. JB first testified that she had known petitioner for four months, then she stated it was eight months, and then she acknowledged that she had flown to California with him a year prior to trial, at his expense. Id. at 56-57, 71 & 76. JB described petitioner as a "friend" and testified that she would sometimes stay at his house. Id. at 76.

JB testified that on October 17, 2001, petitioner picked her up at her mother's house at approximately 10:00 p.m., and drove her to the Wyngate Inn, at her request. Id. at 67. JB denied making statements to Detective Lamonica to the effect that Keating contacted petitioner; that petitioner was at the hotel for her protection and to ensure payment; or that petitioner knew she was prostituting. Id. at 65-68. JB testified that Detective Lamonica lied about those statements. Id.

JB did acknowledge that she previously had been arrested for prostitution in December, 2000, when she was fourteen. Id. at 58-59. At that time, she told police that she had learned to be a

4 -- OPINION AND ORDER

prostitute from a friend named "Boo." Id. at 60. When asked at trial who "Boo" was, she testified that she didn't remember. Id. When she was shown a copy of her telephone book, with an entry for "Tony's pager" and "boo-boo" written underneath, JB testified that that's a "different person." Id. at 61 & 73.

At the conclusion of the prosecution's case in chief, petitioner moved for a judgment of acquittal. Petitioner offered no witnesses in his defense. After hearing closing argument, the trial judge found petitioner guilty of both promoting and compelling prostitution. The two counts merged for purposes of sentencing, and petitioner was sentenced to 70 months imprisonment, with three years post-prison supervision.

Petitioner filed a direct appeal alleging that his conviction was based upon insufficient evidence, and that the trial court erred in denying his motion for judgment of acquittal. The Oregon Court of Appeals affirmed from the bench, and the Oregon Supreme Court denied review. State v. Jackson, 195 Or. App. 184, 99 P.3d 1238, rev. denied, 337 Or. 616 (2004).

Petitioner sought state post-conviction relief alleging multiple claims of ineffective assistance of counsel. The post-conviction court denied relief, the Oregon Court of Appeals affirmed, and the Oregon Supreme Court denied review. Jackson v. Hill, 220 Or. App. 131, 185 P.3d 571, rev. denied, 345 Or. 158 (2008). In rejecting petitioner's claims, the post-conviction

5 -- OPINION AND ORDER

court made findings of fact which credited the testimony of Detective Lamonica concerning JB's custodial statements, and impliedly discredited JB's testimony:

> Petitioner was present at the scene where [JB] engaged in prostitution. [JB] told the detective that Petitioner arranged the meeting and was present to ensure payment; petitioner admitted he was waiting for "Stacey" (later identified as [JB]); [JB] told Detective Lamonica that petitioner arranged the meeting with Keating (the customer) and was present to make sure she was paid.

Resp. Exh. 137 at 3.

In the instant proceeding, petitioner raises two grounds for relief: (1) insufficiency of the evidence; and (2) ineffective assistance of counsel.

## DISCUSSION

Respondent moves the court to deny habeas corpus relief on the basis that petitioner did not fairly present his insufficiency of the evidence claim to the state courts, the state court's rejection of both claims is entitled to deference under 28 U.S.C. § 2254(d)(1), and both claims lack merit.

### I. **Sufficiency of the Evidence**.

#### A.   Procedural Default.

At the conclusion of the state's case in chief, defense counsel moved for a judgment of acquittal. TR 130. The trial judge did not rule on the motion, and instead invited counsel to proceed with closing arguments. Id.; see State v. McCants, 231 Or.

6 -- OPINION AND ORDER

App. 570, ___ P.3d ___ (2009) (during bench trial, challenge to sufficiency of the evidence may be raised in closing arguments).

In her closing argument, defense counsel argued that the evidence merely established that petitioner gave a friend a ride. Counsel argued that there was no evidence that petitioner arranged the meeting with Keating, profited from the encounter, or knew what JB was doing at the hotel. TR at 137-39. Counsel concluded that

> "[i]n order to believe that [petitioner] engaged in [compelling or inducing] prostitution you have to find that somehow he was inducing someone who had been doing this for two years to keep doing it. Compelling her to do something she was already doing.

Id. at 137.

On appeal, petitioner challenged the sufficiency of the evidence on both state and federal grounds. Resp. Exhs. 104, 105 & 112. Notwithstanding, respondent argues that this ground for relief was not properly exhausted because it was not federalized at trial. I disagree because the Oregon state and federal constitutional standards for insufficiency of the evidence are identical,[2] the state appellate courts did not invoke an independent and adequate state rule to reject petitioner's insufficiency of the evidence claim, and the case law addressing whether the presentation of an identical state constitutional claim is a fair presentation of a federal claim continues to evolve. See

---

[2] See State v. Walton, 311 Or. 223, 242-43, 809 P.2d 81 (1991).

Williams v. Hall, 2009 WL 1422744 *5 (D.Or. 2009) (reaching same conclusion); Sanders v. Ryder, 342 F.3d 991, 1000 (9th Cir. 2003), cert. denied, 541 U.S. 956 (2004) (concluding that *pro se* petitioner may exhaust a federal constitutional claim by referring to a state constitutional right if the state and federal standards are identical). Accordingly, I consider the merits of petitioner's insufficiency of the evidence claim.

**B.   The Merits.**

Petitioner alleges that the trial court erred in not granting his motion for judgment of acquittal based upon insufficiency of the evidence. In his supporting memorandum, petitioner argues that there was no evidence that petitioner influenced, persuaded or prevailed upon JB to engage in prostitution. Petitioner contends that the evidence showed that petitioner merely provided JB with a ride.

A federal habeas court may review a claim that the evidence adduced at a state trial was not sufficient to convict a criminal defendant beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 321 (1979). The relevant question is not whether the reviewing court would have found the defendant guilty beyond a reasonable doubt, but "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319-20 (emphasis in

original); Schad v. Ryan, 581 F.3d 1019, 1028-29 (9th Cir. 2009); Briceno v. Scribner, 555 F.3d 1069, 1078 (9th Cir. 2009).

This "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." Jackson, 443 U.S. at 324 n.16; Juan H. v. Allen, 408 F.3d 1262, 1275 (9th Cir. 2005), cert. denied, 546 U.S. 1137 (2006). In the habeas corpus context, "[a]n additional layer of deference is added to this standard by 28 U.S.C. § 2254(d), which obliges [petitioner] to demonstrate that the state court's adjudication entailed an unreasonable application of the quoted Jackson standard." Briceno, 555 F.3d at 1078; Juan H., 408 F.3d at 1274-75 & n.13.

Petitioner was charged with both compelling and promoting prostitution. The offense of promoting prostitution requires proof that the defendant, with the intent to promote prostitution, induced or caused a person to engage in prostitution. O.R.S. 167.012(1)(b). The offense of compelling prostitution, in turn, requires proof that the defendant induced or caused a person under the age of eighteen to engage in prostitution. O.R.S. 167.017(1)(b). The crime of compelling prostitution is intended to prohibit conduct that exploits minors regardless of coercion. State v. Wood, 34 Or. App. 569, 573, 579 P.2d 294 (1978). Consequently, a defendant "who provides opportunity for a *willing minor* to engage in prostitution and *influences, persuades, or*

9 -- OPINION AND ORDER

*prevails* upon her to do so," violates the statute. Id. (emphasis added).

Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of promoting and compelling prostitution. Specifically, there was direct and circumstantial evidence from which a juror reasonably could conclude that petitioner induced or caused JB's act of prostitution by arranging the meeting with Keating, transporting JB to the hotel, staying in the car for her protection, and remaining at the hotel to ensure payment.

Although JB testified that petitioner did not know what she was doing at the hotel, and denied that he remained at the hotel for her protection and to ensure payment, the post-conviction court reasonably credited the testimony of Detective Lamonica that JB admitted that Keating made arrangements for the meeting with petitioner, and that petitioner was at the hotel to ensure her safety and the receipt of payment. See 28 U.S.C. § 2254(e)(1) (state court's determination of factual issue entitled to presumption of correctness).

JB's mother's testimony concerning her 15-year-old daughter's relationship with petitioner; petitioner's presence at the motel and his statements to police; and JB's telephone book identifying "Tony" as "boo-boo"; provided additional support for a rational

10 -- OPINION AND ORDER

trier of fact to conclude that petitioner was guilty of promoting and compelling prostitution.

For all of these reasons, petitioner has failed to demonstrate that the state court's rejection of this claim is either contrary to, or an unreasonable application of, clearly established federal law. See 28 U.S.C. § 2254(d)(1). Accordingly, habeas relief is not warranted.

**II.   Ineffective Assistance of Counsel**.

Petitioner also alleges that trial counsel was ineffective for failing to object to hearsay evidence that JB's sister, who was not a trial witness, had referred to petitioner as JB's "pimp".[3] During the direct testimony of JB's mother, she was asked about her daughter's trip to California, and the fact that she reported her daughter as a runaway:

> Q.   When you reported her missing in July did you tell the police that she was with her pimp, Tony?
>
> A.   Well, it wasn't my words, it was her oldest sister; but yeah, I told them that she left for California without my permission with Tony.

TR at 79.

---

[3] To the extent that petitioner attempts to enlarge this ground for relief, in his supporting memorandum at 2 & 15 n.6, to include an allegation that trial counsel was ineffective for failing to object to improper opinion testimony, it does not warrant habeas relief because the claim was not included in the habeas petition, and was not exhausted in state court.

11 -- OPINION AND ORDER

The post-conviction court rejected petitioner's ineffective assistance of counsel claim, concluding that "petitioner was not denied the right to assistance of counsel, as guaranteed by either the United States Constitution and as articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984)." In so holding, the post-conviction court made the following finding of fact:

> Petitioner claims counsel committed error when she failed to object to testimony from Donna Erickson that Sara Burris had at one point in time told Donna Erickson that petitioner was [JB's] pimp. Petitioner was found at the scene of the crime and he admitted that he gave [JB] a ride to the hotel and waited for her there. [JB] told Detective Lamonica that petitioner arranged the meeting, obtained directions from the hotel, stayed in the car for her protection and waited for her at the hotel to make sure she was paid. Thus, even if counsel committed error when she did not move to strike the testimony of Donna Erickson; counsel could not have prevented this additional evidence from entering the trial. This statement by Sarah Burris is not what convicted petitioner during this court trial.

Resp. Exh. 136 at 6.

A claim of ineffective assistance of counsel, requires petitioner to prove that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Bell v. Cone, 535 U.S. 685, 695 (2002); Williams v. Taylor, 529 U.S. 362, 390-91 (2000); Strickland v. Washington, 466 U.S. 668, 687-88 (1987). In

12 -- OPINION AND ORDER

evaluating proof of prejudice, this court "must consider the totality of the evidence" before the trier of fact. Strickland, 466 U.S. at 696. This court may properly address the prejudice prong first, without considering whether counsel's conduct was deficient. Villafuerte v. Stewart, 111 F.3d 616, 630 (9th Cir. 1997), cert. denied, 522 U.S. 1079 (1998).

Petitioner argues that "[t]he only evidence suggesting that [petitioner] was involved in JB's illegal conduct was [the] hearsay statement elicited by the prosecutor." Memorandum in Support at 2. As outlined above, the post-conviction court credited the testimony of Detective Lamonica. In light of this testimony, and the circumstantial evidence outlined above, petitioner has failed to demonstrate that he suffered prejudice as a result of counsel's failure to object to the hearsay testimony of JB's mother. Accordingly, petitioner has failed to demonstrate that the state court's rejection of his ineffective assistance of counsel claim is contrary to, or an unreasonable application of, clearly established federal law. Habeas relief, therefore, is not warranted.

## CONCLUSION

Based on the foregoing, petitioner's petition for writ of habeas corpus (#1) is DENIED, and this proceeding is DISMISSED, with prejudice.

13 -- OPINION AND ORDER

However, because petitioner has made a substantial showing of the denial of a constitutional right, a certificate of appealability is granted as to both grounds for relief (ineffective assistance of counsel and insufficiency of the evidence). See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ___15th___ day of December, 2009.

                                               /s/ Garr M. King  
                                               Garr M. King  
                                               United States District Judge